TEAL (COLLINSON v.).   See Case No. 3,020.
TEAL (ELLIOT v.).   See Case No. 4,389.
TEAL (ELLIOTT v.).   See Case No. 4,396.
TEAL (PRICE v.).   See Case No. 11,417.

## Case No. 13,812.

### TEAL v. WALKER et al.

[5 Reporter, 202:[1] 10 Chi. Leg. News, 131.]

Circuit Court, D. Oregon.   Dec. 24, 1877.

PARTIES—SURETY—TRUSTEE—FEDERAL JURIS-
DICTION—CITIZENSHIP.

1. In a suit by surety to cancel a conveyance of land in trust to secure a note of the principal, the trustee is a necessary, not a nominal, party to the suit.

2. The word "citizen" in the judiciary act of 1789, and word "citizens" in the act of March 3, 1875 [18 Stat. 470], construed.

[Cited in Saginaw Gas-Light Co. v. City of Saginaw, 28 Fed. 531.]

3. A controversy is not "between citizens of different states," unless all the persons on one side of it are citizens of different states from all the persons on the other side. If any of the plaintiffs and defendants are citizens of the same state, the controversy does not come within the operation of the judicial power of the United States.

In equity. Suit for an injunction and to cancel conveyance. The bill alleges that plaintiff is a citizen of Oregon; Walker a citizen of California, and Hewett, defendant, a subject of Great Britain. It also alleges that one Goldsmith, in August, 1874, borrowed $100,000 of Walker, giving his note payable in two years, with interest, and on the same day Goldsmith and Teal, being equal part owners of 10,600 acres of land in Wallamet Valley, conveyed the same to Hewett in trust to secure the note, and Goldsmith also, for the same purpose, at the same time, conveyed to Hewett as trustee 6,340 other acres of which he was sole owner; that in October, 1876, the sum of $96,750 being due on the note, Goldsmith and Teal conveyed 800 additional acres to Hewett to secure its payment, and payment was extended one year; that no part of the interest on the note has been paid since December 21, 1876; that in March, 1877, Goldsmith became insolvent; that in the same month Hewett and Walker, without the knowledge or consent of plaintiff, and for a valuable consideration, extended the time for payment of said note to May, 1877. The plaintiff claims that the effect of this extension was to discharge his property from the trust or suretyship; and he brings this suit to enjoin the trustee from enforcing the trust against his interest in the property, and to have the conveyances, so far as such interest is concerned, cancelled.

The defendants pleaded that defendant Hewett is not an alien, but a citizen of Oregon, and, therefore, this court has not jurisdiction of the controversy.

1 [Reprinted from 5 Reporter, 202, by permission.]

Upon the argument of the pleas, counsel for plaintiff maintained Hewett was only a nominal party without interest in the subject of the controversy, and, therefore, his citizenship was immaterial, citing Brown v. Strode, 5 Cranch [9 U. S.] 303; Irvine v. Lowry. 14 Pet. [39 U. S.] 293; also, that the plea is bad, even admitting Hewett to be a citizen of Oregon, and a party in interest, because there is still a controversy in a suit "between citizens of different states," namely, the plaintiff and Walker.

W. F. Effinger, W. L. Hill, and H. T. Thompson, for plaintiff.

John Catlin, for defendants.

DEADY, District Judge. The defendant Hewett is more than a nominal party. He is an interested party. The legal title to the premises is in him and he is vested with the power and charged with the duties of a trustee of the property for the benefit of the parties actually interested therein. In Coal Co. v. Blatchford. 11 Wall. [78 U. S.] 174, the supreme court held that executors and trustees who sue for the benefit of others are necessary parties and not merely formal ones; and that if they are qualified by their citizenship to be parties to litigation in the national courts, the citizenship of the parties whom they represent is immaterial. The legal controversy in this case lies between the plaintiff and Hewett—the former seeking by means of this suit to divest the latter of his title to and control of the premises as trustee, on the ground that Walker, the cestui que trust, is no longer entitled to the benefit of the security. The argument in support of the second proposition rests upon the difference in the language of section 1 of the act of March 3, 1875 (18 Stat. 470), and that of section 11 of the old judiciary act (1 Stat. 78), conferring jurisdiction upon the circuit courts on account of the citizenship of the parties. The latter provided that the court should have jurisdiction when "the suit is between a citizen of the state where the suit is brought and a citizen of another state," while the former extends the jurisdiction to all suits "in which there shall be a controversy between citizens of different states."

It is contended that the use of the word "citizens" in the late act as a substitute for the singular number of that term in the old act indicates a purpose to confer jurisdiction in any suit wherein there is a controversy between two or more citizens of different states. although other adverse parties to the suit and controversy therein may be citizens of the same state. The word "citizen" in act of 1789 was always construed to include all the parties to a suit, so that if any one of the plaintiffs and defendants were citizens of the same state the jurisdiction did not attach. In Coal Co. v. Blatchford, supra, Mr. Justice Field states the rule as follows: "The designation of the party, plaintiff or defendant, is in the singular number, but the designation is

intended to embrace all the persons who are on one side, however numerous, so that each distinct interest must be represented by persons all of whom are entitled to sue, or are liable to be sued in the federal courts. In other words, if there are several co-plaintiffs, the intention of the act is that each plaintiff must be competent to sue, and, if there are several co-defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."

The act of 1875 follows the language of the constitution (article 2, § 2) in this particular, which extends the judicial power of the United States "to controversies between citizens of different states." Congress cannot extend the jurisdiction of the circuit courts beyond the grant of judicial power in the constitution, and. therefore, the question turns upon the proper construction of the phrase, "between citizens of different states" as used in the constitution and copied into the act of 1875. The word "citizen" in the act of 1789 having been held to be equivalent of "citizens," the construction given to the act in this respect must apply to this. All the parties plaintiff must be citizens of different states from all the parties defendant. A controversy is not between citizens of different states unless all the persons on one side of it are citizens of different states from all the persons on the other side. So long as any of the plaintiffs and defendants are citizens of the same state, the controversy is only partially between citizens of different states, and does not come within the operation of the judicial power of the United States, and, therefore, not within the jurisdiction of this court. The pleas are sufficient.

[NOTE. An action at law was subsequently brought by Walker against Teal to recover damages to the amount of $16,000, which he claimed he had sustained by the refusal of Teal to surrender possession of the property to Hewett. A demurrer was filed to the complaint, which was overruled, with leave to Teal to answer. 5 Fed. 317. Teal answered, and the case, having been put at issue by the filing of a replication, was tried by a jury, which returned a verdict for the plaintiff for $5.345.88, on which the court rendered judgment. On error to the supreme court, the judgment of the circuit court was reversed, and the cause remanded for further proceedings. 111 U. S. 242, 4 Sup. Ct. 420.]